CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 30 2010

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ELWIN FREDERICK STRANGE, | ) | |
| Plaintiff, | ) | Civil Action No. 7:10-cv-0151 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| TERRY O'BRIEN, ET AL., | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | Chief United States District Judge |

Plaintiff Elwin Frederick Strange, a federal inmate proceeding pro se, brings this action as a civil rights complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested under 28 U.S.C. §1331.[1] Strange alleges that the defendant prison officials failed to provide him with appropriate medical treatment after he fell from his upper bunk and broke his foot. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I. Background

In his initial complaint, Strange stated only the following:

Foot was broken due to lack of safety ladder to get into double bunk beds, medical was deliberately indifferent to issues, even when examined by outside physician. Pain and suffering occurred over an extensive period of time.

(Compl. 2.) After the action was transferred here, the court issued an order advising Strange that his allegations failed to state any constitutional claim actionable under Bivens, but granted him an opportunity to amend to state facts concerning the actions that each defendant had taken,

---

[1] Plaintiff filed this action in the United States District Court for the Middle District of Pennsylvania. It was transferred because the cause of action arose at a prison within the jurisdiction of this court.

1

personally, in violation of his constitutional rights and advised him to provide evidence concerning his exhaustion of administrative remedies. In response, Strange submitted an amended complaint, alleging the following sequence of events on which he bases his claims.

On December 20, 2008, while Strange was an inmate at the United States Penitentiary in Jonesville, Virginia (USP Lee), he fell while climbing down from his upper bunk and injured his right foot. The bunk beds do not have attached ladders. Strange reported his injury to the unit officer, who told him that he would be examined at the Ambulatory Care Clinic the next day. At the clinic on December 21, 2008, the staff prescribed an oral anti-inflammatory medication and instructed Strange to rest and elevate his foot, to apply ice for treatment of discomfort, and to return to the clinic the next working day for a follow-up appointment. The clinic personnel did not take an X-ray of his foot that day.

Strange returned to the clinic on December 23, 2008. Although he told the medical staff that the foot was broken, they diagnosed the injury as a sprain and ordered an X-ray. They also prescribed pain medication, gave him an ace bandage and some crutches, and issued him a one-week work restriction. An X-ray of his right foot was performed on December 31, 2008 at a local medical center. The doctor who read the X-ray and examined Strange that day informed him that the foot was, indeed, broken, recommended that he be seen by an orthopedic specialist, and "issued names of referrals to the BOP medical department to perform the medical practic [sic] needed." The doctor also explained to the escort guards what treatment Strange needed.

After Strange returned to USP Lee, P.A. Bartee told him, without looking at the X-ray or the medical chart from the medical center, that he did not need to see a specialist. Instead, the jail medical unit issued Strange a specialized orthopedic boot, told him to continue using the

crutches, and renewed his pain medication. When Strange filed grievances about what he believed to be inadequate treatment of his broken foot, requesting immediate treatment for his foot, relief was denied. He saw Dr. Cruise on January 14, 2009, who advised him that he did not need to see an orthopedic specialist. He was then re-evaluated by a staff medical officer, who ordered a follow up X-ray and prescribed anti-inflammatory medication. When Strange filed grievances in January and March 2009, complaining about the medical treatment he had received, they were denied by Warden O'Brien. His appeal of the warden's response was denied by the regional director.

Strange had another follow up examination at the clinic on March 12, 2009. Staff requested an orthopedic consultation and directed that, in the meantime, he would be monitored by the jail medical staff. On May 6, 2009, an orthopedic surgeon operated on Strange's right foot. The operation included insertion of a plate with six screws into the foot. Strange alleges that he now has damaged tendons and ligaments and permanent damage to his foot, "which could have been avoided if not for the gross negligence, deliberate indifference, mis[diagnosis] and treatment" he received from jail medical staff.

In the original complaint, Strange sued four individuals employed at USP Lee: Warden Terry O'Brien; Physician's Assistant Bartee, Dr. Cruise (also referred to as Dr. Cruze), and Chief Medical Administrator Albright (also referred to as Jane Doe). In the amended complaint, Strange expands upon the claims against these individuals and also names the BOP as a defendant. He alleges ten claims, as follows: (1) the actions of the warden and the medical defendants violated plaintiff's constitutional rights under the Eighth Amendment and the Due Process Clause; (2) the warden and Jane Doe acted with deliberate indifference to medical

malpractice committed by the USP Lee medical staff by failing to discipline and correct their subordinates for the treatment provided to plaintiff; (3) the BOP, as a matter of policy and practice, is deliberately indifferent to the inadequate discipline and training of its medical staff; (4) the defendants conspired to violate plaintiff's civil rights by agreeing to deprive him of medical treatment for his broken foot; (5) the BOP violated OSHA codes by failing to install safety ladders on the prison bunk beds; (6) Jane Doe "expressly authorized [defendant Partee] to malpractice treatment" and violate plaintiff's constitutional rights because she knew of, and acquiesced to, Partee's propensity to commit such illegal acts; (7) all the individual defendants were negligent in providing medical treatment for plaintiff's broken foot; (8) the BOP was negligent in screening prospective medical staff and in training and supervising them; (9) all the defendants wantonly inflicted pain on plaintiff by acting with deliberate indifference to his broken foot and by not installing safety ladders; and (10) all defendants intentionally inflicted emotional distress on plaintiff.

## II. Discussion

To state a cause of action under Bivens, an individual must prove that he suffered harm as a result of constitutional violations committed against him by federal officials. 403 U.S. at 397. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S.__, 129 S. Ct. 1937, 1948 (2009). A Bivens claim is analogous to a claim under 42 U.S.C. § 1983, which authorizes civil actions against state officials in their personal capacities for violations of constitutional rights. Case law involving § 1983 claims is applicable in Bivens actions and vice

versa. See Farmer v. Brennan, 511 U.S. 825, 839 (1994); Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-44 (4th Cir. 1988).

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After review of Strange's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

### A. Deliberate Indifference to Medical Needs

The United States Supreme Court has held that punishments or prison conditions are "repugnant to the Eighth Amendment" if they "are incompatible with "the evolving standards of decency that mark the progress of a maturing society . . . or . . . involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal quotations omitted). To prove that medical treatment he received while a prisoner amounted to a constitutional violation, an inmate must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Id. at 104-105.

First, the prisoner must demonstrate a medical need serious enough to give rise to a constitutional claim. "[A] serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotations omitted).

Second, plaintiff must show that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he drew or must have drawn that inference, and that he failed to respond reasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 837-844 (1994). Inadvertent failure to provide treatment, negligent diagnosis, and medical malpractice do not present constitutional deprivations. Estelle, 429 U.S. at 105-106. A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment, because questions of medical judgment are not subject to judicial review. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990).

In Claim (1), Strange alleges that Partee and Cruise provided treatment for his broken foot, but did not follow another doctor's advice to send him to an orthopedic specialist. In so doing, these defendants made medical judgments that a consultation with an orthopedic specialist was not immediately necessary and that it was appropriate to try other treatment first. Such medical judgments, whether correct or not in any given situation, do not constitute cruel and unusual punishment. Estelle, 429 U.S. at 107-08. The fact that their medical decisions did not coincide with the medical opinion offered by the other doctor's recommendation states nothing more than a disagreement over treatment, which is insufficient to state a constitutional claim. Wright, 766 F.2d at 849. At the most, these allegations may give rise to a claim of medical malpractice, which is insufficient to state a constitutional claim actionable under Bivens. Id. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim

is a prisoner."). Moreover, Strange's suggestion that failure to see the orthopedic specialist earlier resulted in permanent damage to his foot is merely speculative. Accordingly, Strange's allegations related to Claim (1) state no actionable Bivens claim against Partee and Cruise.

In Claims (1) and (2), Strange alleges that Warden O'Brien, directly and in his supervisory role, acted with deliberate indifference to his need for medical treatment. Without any medical expertise of his own, however, O'Brien rightfully relied on the professional judgments of his medical staff as to the appropriate course of treatment for Strange's injured foot, and in so doing, was not deliberately indifferent to a risk of harm known to him.[2] Miltier, 896 F.2d at 855. Accordingly, Strange's allegations related to Claim (1) state no actionable Bivens claim against the warden.

In Claims (1), (2), and (6), Strange alleges that Jane Doe was deliberately indifferent to his medical needs in three respects—directly, by virtue of her general supervisory role over Partee and Cruise, and by "expressly authorizing" Partee's actions. Other than these conclusory assertions about Jane Doe, Strange fails to allege any facts concerning actions that this defendant took, personally, in relation to his medical treatment, although the court expressly directed him to provide such facts.[3] Iqbal, 129 S. Ct. at 1948. Thus, Strange fails to state a Bivens claim against this defendant. Moreover, assuming Strange could demonstrate that Jane Doe knew of and

---

[2] Strange's allegations also fail to support a claim against the warden for inappropriately denying his grievances concerning his medical treatment. Inmates do not have a constitutionally protected right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, allegations that a prison official did not respond appropriately to a grievance states no deprivation of constitutional rights.

[3] Jane Doe, as a supervisory official, cannot be held automatically liable for violations of plaintiff's constitutional rights through the actions of subordinate officials; the doctrine of respondeat superior is inapplicable to actions under Bivens. See, e.g., Dean v. Gladney, 621 F.2d 1331, 1336 (5th Cir. 1980) (finding that, as in § 1983 cases, liability in Bivens actions cannot be based upon theory of respondeat superior).

approved the actions of Partee and Cruise, this court could not second guess her medical judgment that the treatment decisions in Strange's case were appropriate, given his test results and his ongoing symptoms as the USP Lee medical staff assessed them. Russell, 528 F.2d at 319. In short, Strange's Claims (1), (2), and (6), alleging deliberate indifference to serious medical needs by the individual defendants,[4] must be dismissed under § 1915A(b)(1) for failure to state a claim.[5]

## B. Conspiracy Claim

An essential element in any claim of conspiracy to deprive the plaintiff of his constitutional rights is an agreement to do so among the alleged co-conspirators. Ballinger v. North Carolina Agricultural Extension Service, 815 F.2d 1001 (4th Cir. 1987). Without such a meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy. Murdaugh Volkswagon v. First National Bank, 639 F.2d 1073 (4th Cir. 1981). The plaintiff must allege facts which show that the defendants shared a "unity of purpose or common design" to injure the plaintiff. American Tobacco Co. v. United States, 328 U.S. 781 (1946). Where the complaint makes only conclusory allegations of a conspiracy under §1983 and fails to allege facts showing any agreement or meeting of the minds among the defendants, the court may

---

[4] Although Strange alleges that the actions of these four defendants with regard to his medical treatment somehow violated his federal due process rights, the court cannot find support for such a claim in his allegations. It is well established that, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See, e.g. Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (regarding medical needs).

[5] In Claim (9), Strange alleges that all of the defendants wantonly inflicted pain on him, in violation of the Eighth Amendment, by acting with deliberate indifference to his broken foot. Because he fails to allege facts in support of this claim, other than the allegations of inadequate medical treatment offered in support of Claims (1), (2), and (6), for the same reasons, the court will dismiss this portion of Claim (9), pursuant to § 1915A(b)(1).

8

properly dismiss the complaint. See Woodrum v. Woodward County, Okl., 866 F.2d 1121, 1126 (9th Cir. 1989); Cole v. Gray, 638 F.2d 804 (5th Cir. 1981).

Strange alleges in Claim (4) that the individual defendants "conspired" to deprive him of medical treatment for his foot. He does not allege any facts, however, showing that the defendants formed any type of agreement or acted in concert to injure him. The mere fact that each of these actors played a part in providing treatment for his broken foot, according to their medical judgments, is not sufficient to show that they shared a unity of purpose. In addition, as the court has already concluded, Strange's allegations do not support a claim that any of the defendants acted with deliberate indifference to his serious medical needs in violation of his constitutional rights. Thus, Strange fails to allege facts sufficient to state a claim of conspiracy actionable under Bivens, and Claim (4) must be dismissed accordingly, pursuant to § 1915A(b)(1).

### C. Hazardous Conditions

In Claim (9), Strange alleges that the individual defendants were deliberately indifferent to the safety hazard posed by the lack of ladders on the USP Lee bunks. The Eighth Amendment protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). On the other hand, individuals do not have a constitutional right (1) to be free from a government employee's negligence, even if it causes an injury, or (2) to have the government protect them from such an injury. Daniels v. Williams, 474 U.S. 327 (1986). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials

9

acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). Plaintiff satisfies the subjective component of his claim if he shows deliberate indifference–that the official was aware of facts from which he could draw an inference that a substantial risk of harm existed, that he actually drew that inference, and that he disregarded the risk by failing to take "reasonable measures" to alleviate it. Farmer, 511 U.S. at 835-37.

A supervisory official can be liable for a subordinate's constitutional violations if plaintiff demonstrates: (1) that the conduct by subordinate employees which directly caused the deprivation was undertaken to effectuate an official policy or custom for which the official was responsible, id., or (2) that the supervisory official was aware of a pervasive, unreasonable risk of harm to plaintiff from a specified source and failed to take corrective action himself, out of his own deliberate indifference or his tacit authorization of inaction by subordinates. Slakan v. Porter, 737 F.2d 368, 372-73 (4th Cir. 1984). In this context, plaintiff ordinarily cannot prove supervisory liability based on a single incident or isolated incidents. Id. at 373.

Strange fails to allege that the medical defendants (Partee, Cruise, and Jane Doe) had any personal involvement in decisions regarding safe living conditions at USP Lee. Accordingly, his allegations fail to state any constitutional claim against them related to the lack of safety ladders. Iqbal, 129 S. Ct. at 1948.

Apparently, Strange is attempting to blame the warden in his supervisory role for the alleged safety hazard created by the lack of bunk ladders. He fails to allege any facts from which

10

the warden knew that no ladders placed inmates at a substantial risk of serious harm. A single incident in which lack of a ladder caused a serious injury, as allegedly occurred in Strange's case, is not sufficient to put the warden on notice of such a risk. Accordingly, the court concludes that Strange fails to state any constitutional claim against the warden, based on the lack of bunk ladders, and will dismiss Claim (9), pursuant to § 1915A(b)(1).

### D. <u>Bivens</u> Claims against the BOP

Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without its express consent. See <u>United States v. Mitchell</u>, 463 U.S. 206, 212 (1983). The United States has not consented to a <u>Bivens</u> suit against it or against one of its agencies, such as the BOP. <u>F.D.I.C. v. Meyer</u>, 510 U.S. 471, 486 (1994). Therefore, Claim (3), alleging that the BOP is liable under <u>Bivens</u> for the inadequate training of its medical staff, states no actionable claim, as the BOP is immune against such suits. The court will dismiss Claim (3), pursuant to § 1915A(b)(1), for failure to state a claim.

### E. Negligence Claims

In Claims (5), (7), and (8), Strange alleges that he was injured as a result of certain, allegedly negligent acts or omissions committed by BOP employees. While negligent actions by governmental officials are insufficient to support constitutional claims and are therefore not actionable under <u>Bivens</u>, these allegations may be properly presented as claims against the United States under the Federal Tort Claims Act (FTCA). The FTCA provides a remedy whereby a claimant may recover monetary damages from the United States for injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope . . . of employment." 28 U.S.C. § 1346(b).

11

The court has an obligation to liberally construe a pro se litigant's pleadings to avoid loss of viable claims based on lack of legal expertise. Haines v. Kerner, 404 U.S. 519, 520 (1972). When a pro se litigant alleges a cause of action that may be meritorious against persons not named for lack of legal knowledge, the district court should "afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed and direct or permit amendment of the pleadings to bring that person or persons before the court." Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Under these principles, the court liberally construes Strange's negligence claims as arising under the FTCA and substitutes the United States as the proper defendant to such claims.

Litigants must strictly comply with the procedural requirements of the FTCA. See 28 U.S.C. § 2675; United States v. Kubrick, 444 U.S. 111, 117-18 (1979).

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). An FTCA claim is presented "when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death." 28 C.F.R. § 14.2(a). Once such a claim is denied by the agency, the litigant has six months to file an FTCA court action. The plaintiff has the burden to prove that he completed all these conditions precedent to filing an FTCA lawsuit. Kielwien v. United States, 540 F.2d 676, 679 (4th Cir. 1976). A plaintiff's failure to exhaust administrative remedies before

he brings suit mandates dismissal of the claim. McNeil v. United States, 508 U.S. 106, 113 (1993).

Strange has signed a statement and submitted documentation, purporting to verify that he exhausted administrative remedies within the BOP's grievance procedure before filing this lawsuit. He does not allege, and his documentation does not indicate, however, that he filed an administrative tort claim with the BOP, asking to recover monetary damages for these alleged negligent acts by BOP employees. Because Strange bears the burden of proving exhaustion and has failed to do so, despite being directed by the court to provide all such documentation, the court will dismiss his FTCA claims without prejudice, pursuant to § 1915A(b)(1). Because he is proceeding without counsel, however, the court will grant him thirty days in which to move for reinstatement of the FTCA claims, provided that he submits appropriate documentation, demonstrating that he has fulfilled the necessary prerequisites to filing such claims by having pursued an agency claim concerning the alleged incidents of negligence.

**F. Intentional Infliction of Emotional Distress**

This state law claim is not independently actionable under Bivens, which vindicates only violations of federal constitutional rights by federal governmental employees. Thus, to the extent that Strange raises Claim (10) under Bivens, it must be dismissed. To the extent that he raises it under the supplemental jurisdiction of the court, pursuant to 28 U.S.C. § 1367(c), the court declines to exercise such jurisdiction in light of the dismissal of all federal claims. Accordingly, this state law claim will be dismissed without prejudice, pursuant to § 1367(c).

### III. Conclusion

Upon review of the record, the court concludes that Strange's claims under <u>Bivens</u> and the FTCA must be dismissed without prejudice, pursuant to § 1915A(b)(1), and all state law claims must be dismissed without prejudice, pursuant to § 1367(c). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and defendant.

ENTER: This 30th day of July, 2010.

*/s/ Glen Conrad*
Chief United States District Judge